IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| OPIO LAWTON, On Behalf of Himself and All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 7:15-cv-0189 |
| OSADO WATER TRANSFER COMPANY, LLC, 7.62, LLC, MIDLAND HEATING GROUP, LLC, and AUSTEN S. CAMPBELL, Individually | § § § § § § | |
| Defendants. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Opio Lawton, on behalf of himself and all others similarly situated ("Plaintiff" and "Class Members" herein) bring this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants and shows as follows:

### I.   NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendants violated the FLSA by failing to pay Plaintiff and Potential Plaintiffs for all hours of work at the rates required by the FLSA. Instead, Defendants misclassified Plaintiff and Potential Plaintiffs as "exempt" and paid Plaintiff and Potential Plaintiffs primarily on a salary

and/or day rate basis that failed to properly pay overtime. Plaintiff bring this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.   PARTIES

3.   Plaintiff Opio Lawton ("Plaintiff") is an individual who has been employed by Defendants within the meaning of the FLSA. He has previously consented to be a party in this action.

4.   The Plaintiff and "Class Members" or "Potential Plaintiffs" are Defendants' "front-line oilfield workers" whether known as Water Transfer Technicians, Operators, or Hands or under a different title who were treated as exempt from the FLSA.

5.   Defendant Osado Water Transfer Company, LLC ("Osado Water") is a corporation that does business in Texas and has previously been served in this matter.

6.   Defendant 7.62, LLC is a corporation that does business in Texas and has previously been served in this matter.

7.   Defendant Midland Heating Group, LLC ("MHG") is a corporation that does business in Texas and has previously been served in this matter.

8.   Defendant Austen S. Campbell ("Campbell") is an individual who resides in Texas and has previously been served in this matter.

## III.   JURISDICTION AND VENUE

9.   This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

10.   Venue is proper in the Western District of Texas because one of more of the parties reside in this this District, and the events forming the basis of the suit occurred in this District.

## IV.   COVERAGE

11.   At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

12.   At all times hereinafter mentioned, Defendants have been an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13.   At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14.   At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

15.   At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.   FACTUAL ALLEGATIONS

16.   Defendants provide water transfer solutions to the Oil & Gas industry and do more than $500,000.00 in business per year including during the years covered by this lawsuit.

17.   Plaintiff Opio Lawton was employed by Defendants as a "Water Transfer Technician" during the three years prior to the filing of this lawsuit and from approximately December 2013 through April 2014.

18. As a Water Transfer Technician, Plaintiff was one of Defendants' front-line oilfield workers. In this capacity, Plaintiff and the Class Members did not perform office or non-manual work as their primary duty. Plaintiff and the Class Members did not exercise independent judgment and discretion in performing these job duties. Plaintiff and the Class Members were responsible for the initial set-up of Defendants' job-sites, transferring water around Defendants' job-sites, and other routine and nondiscretionary duties associated with providing Defendants' services to Defendants' clients.

19. Plaintiff and the Class Members were not compensated for all hours worked in excess of 40 in a workweek at the rates required by the FLSA. More particularly, Defendants paid Plaintiffs and the Class Members primarily on a salary and/or day rate basis that did not provide them overtime wages for overtime work. Plaintiff and the Class Members routinely worked in excess of 40 hours per week, but were not paid time-and-one-half their regular rates of pay for these excessive hours.

20. Additionally, Defendants paid Plaintiff and Potential Plaintiffs certain non-discretionary bonuses; however, Defendants failed to pay overtime pay at a rate which included all non-discretionary bonuses in the regular rate of pay because Defendants wholly failed to pay Plaintiff and Potential Plaintiffs for their overtime hours worked.

21. Defendant Austen S. Campbell is an owner or officer of Defendants 7.62, LLC and Osado Water. He is responsible for running the day-to-day activities of the companies. He has also made decisions about how the company should operate, market itself, acquire work, pay its employees and vendors, and treat its employees. Campbell was responsible for designing and/or approving and implementing the pay plans for Plaintiff and the Class Members which violate the FLSA.

22. Defendant 7.62, LLC is a managing member of Defendant MHG. Therefore, Defendant Austen S. Campbell also is in this position to functionally control and direct the operations and purse strings of Defendant MHG.

23. Defendants have employed and are employing other individuals who perform(ed) the same or similar job duties under the same pay provision as Plaintiff.

24. Defendants willfully misclassified Plaintiffs and the Class Members as exempt from the protections of the FLSA. Defendants were aware of the requirements of the FLSA and the requirements to provide overtime pay for overtime work but required Plaintiffs and the Class Members to work uncompensated overtime hours. Defendants were aware that Plaintiffs and the Class Members were required to work in excess of 40 hours in weeks covered by this lawsuit. Defendants also failed to take the necessary affirmative steps to ensure their continuing and ongoing compliance with the FLSA. Defendants willfully or with reckless disregard failed pay the Plaintiffs and Class Members overtime as required by the law. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members.

## VI.   COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff and the Class Members performed the same or similar job duties as one another in that they performed front-line, manual, and non-exempt duties and for Defendants' behalf and clients. Further, Plaintiff and the Class Members were subjected to the same pay provisions and not compensated at time-and-one-half for all hours worked in excess of 40 hours in a work week. Moreover, Plaintiff and the Class Members were paid non-discretionary bonuses that were not incorporated into their regular rate of pay, which was a result of Defendants' across-the-board decision to treat Plaintiff and Potential Plaintiffs as "exempt" from the FLSA. Thus, the Class Members are owed unpaid overtime wages for the same reasons as Plaintiffs.

26. Defendants' failure to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of paying Plaintiff and the Class Members primarily on a salary and/or day rate basis rather than paying for time at the rate specified by the FLSA. This policy or practice is/was applicable to Plaintiff and the Class Members. Application of this policy or practice does not depend on the personal circumstances of the Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applied to all Class Members.

27. Defendants were aware of its obligation to pay overtime to Plaintiff and the Class Members and failed to do so. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members.

### VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

28. During the relevant period, Defendants have violated and are violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

### VIII. RELIEF SOUGHT

29. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

    b.    For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

    c.    For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees; and

    d.    For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

    e.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

   /s/ *J. Forester*

**J. DEREK BRAZIEL**
*Attorney in Charge*
State Bar No. 00793380
**J. FORESTER**
Texas Bar No. 24087532
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas  75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that I served counsel of record via the Court's e-filing system.

   /s/ *J. Forester*
**J. FORESTER**